*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-089

AUGUST TERM, 2015

| | | |
|---|---|---|
| Pamela Washburn | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Mark Fowlkes | } | DOCKET NO. 457-11-14 Rdfa |

Trial Judge: Mary Welford

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals a decision issued by the family division of the superior court denying her request for a final relief-from-abuse (RFA) order. We affirm.

The family court's undisputed findings reveal the following facts. Plaintiff and defendant were involved in an intimate relationship and had a child, who was born in December 2012. In January 2013, when the parties were living together in a motel in Rutland, they had an altercation during which defendant grabbed plaintiff, dragged her up some stairs, and threw her to the floor, causing bruises on her arms. The parties' intimate relationship ended in February 2013. Following the parties' separation, their child lived with plaintiff.

There were judicial proceedings regarding parental rights and responsibilities for the minor child, and the court issued various orders. The parent-child contact ordered by the court did not always happen as ordered. Following a hearing in May 2014, the court found that both parties were at fault at various times for the missed contact. The family division entered an order giving plaintiff sole physical and legal rights and responsibilities for the parties' child. Defendant was given parent-child contact every other weekend, with exchanges to take place at the Rutland Police Department.

As a result of the parties' continued conflicts over parent-child contact, defendant filed a motion to enforce. On November 18, 2014, the family division held a hearing on defendant's motion. Defendant did not arrive at the hearing on time, and as a result, his motion was dismissed. Angry over the dismissal, defendant telephoned plaintiff and threatened to kill her. Accompanied by his girlfriend, he drove to plaintiff's house and confronted plaintiff. His girlfriend arrived at plaintiff's door within about thirty seconds of defendant. At the door, defendant continued to yell at plaintiff. He did not touch plaintiff, although at some point he pushed the front door. The door struck the parties' child, but the child was not injured. Defendant left the scene after plaintiff threatened to call the police, but returned shortly after leaving to speak with the police.

Plaintiff filed an emergency petition for an RFA order on November 18, 2014, and the court issued a temporary order. On at least two occasions after the temporary order was issued, plaintiff attempted to contact defendant.

Following the January 23, 2015 final hearing, the family division entered findings, as described above, and dismissed the petition seeking a final RFA order. The court concluded that plaintiff had met her burden of proving abuse by demonstrating that defendant had placed her in fear of imminent serious physical harm, but was unable to find, based on the evidence presented, that there was a danger of further abuse. The court acknowledged that there had been two incidents of abuse, separated by twenty-two months, but noted that the second incident did not involve physical contact with plaintiff. The court reasoned that there was no evidence that defendant had engaged in a pattern of behavior, such as frequent unnecessary contact or surveillance, that would suggest a danger of further abuse.

On appeal, plaintiff argues that the court's findings, which essentially confirmed her version of what took place on November 18 and during the prior incident of abuse, did not support its conclusion that there was no danger of further abuse. Plaintiff argues that when two or more instances of abuse have occurred, as in this case, there must be at least a rebuttable presumption that further abuse is likely. She notes that, twenty-two months after the first instance of abuse, the parties' relationship was still so volatile that defendant threatened her life. She also points out that further contact between the parties is inevitable because they have a child together. She contends that the cases relied upon by the court do not support its decision, and that the court improperly relied upon the fact that defendant did not physically touch her during the November 18 incident, even though our case law does not require physical contact for there to be abuse.

To obtain relief under Vermont's abuse-prevention statute, a plaintiff need prove only that there was abuse by a family or household member and that there is a danger of future abuse. Raynes v. Rogers, 2008 VT 52, ¶ 8, 183 Vt. 513 (citing 15 V.S.A. §§ 1101, 1103). Demonstrating a danger of abuse in the future is required because RFA orders are aimed primarily at providing relief from intra-family violence rather than punishing perpetrators for past acts of violence. Id. If the court finds that abuse has occurred and that there is a danger of future abuse, the court must issue an RFA order that it deems necessary to protect the plaintiff. Coates v. Coates, 171 Vt. 519, 520-21 (2000) (mem.) (citing 15 V.S.A. § 1103(c)).

Because "the family court is in a unique position to assess the credibility of witnesses and weigh the strength of evidence at hearing," we review the trial court's determination whether "to grant or deny a protective order only for an abuse of discretion. Raynes, 2008 VT 52, ¶ 9. We uphold the court's factual findings if they are supported by the evidence, and uphold the court's conclusions if supported by the findings. Id. We recognize that the trial court found plaintiff to be credible, insofar as it credited her version of what occurred during the two incidents of abuse. Nonetheless, it remained within the province of the trial court to weigh the evidence and consider the overall circumstances in determining whether there was a danger of future abuse. After listening to detailed testimony from the witnesses regarding the parties' relationship and the circumstances surrounding the instances of abuse, the court concluded that plaintiff had failed to prove a danger of future abuse given defendant's desire to disassociate himself from plaintiff as much as possible. We cannot conclude that the trial court exceeded its discretion in reaching this conclusion.

We note that plaintiff is absolutely correct that a court need not find a pattern of behavior, such as frequent, unnecessary contact, to support a finding of danger of future abuse. A danger of future abuse can, and often is, reasonably inferred on the basis of the parties' relationship and a single instance of abuse. Future danger may be inferred on a variety of grounds, and we do not read the trial court's opinion as suggesting otherwise. Nor does the fact that the abuse found by the court in this case did not involve physical contact mean that there is no danger of future abuse. Had the trial court concluded on this record that there was a danger of future abuse, we could affirm that determination as

2

well within the trial court's discretion. But the question before us is not whether the trial court could have determined otherwise, or whether each of us, sitting as factfinder, would have reached the same conclusion. The question is whether the evidence before the trial court compelled the conclusion that there was a future danger of abuse. Under the circumstances of this case, we cannot conclude that the court was required, as a matter of law, to find that plaintiff was in danger of being abused again in the future. To conclude otherwise would be to collapse the distinct elements of proving that the plaintiff has been abused and proving a danger of future abuse.

Nor do we conclude that the court improperly relied upon a three-justice decision of this Court in determining that future abuse was unlikely. The court is free to consider three-justice decisions from this Court for their persuasive value, even though such decisions are not controlling precedent. V.R.A.P. 33.1(d) ("An unpublished decision by a three-justice panel may be cited as persuasive authority but is not controlling precedent," except for issues concerning claim or issue preclusion, law of the case, or "similar issues involving the parties or facts of the case in which the decision was issued"). Here, in concluding that there was no danger of future abuse, the court distinguished the facts in two cases (one of which is a three-justice decision), involving situations in which the defendants engaged in repeated, unwanted contact with the plaintiffs. See Raynes, 2008 VT 52, ¶ 3 (noting testimony that defendant called plaintiff repeatedly and drove by her house on numerous occasions, which caused her fear); Lague v. Lyons, No. 2014-015, 2014 WL 3714912, at **1-2 (Vt. Apr. 25, 2014) (unpub. mem.), https://www.vermontjudiciary.org/UPEO2011Present/eo14-015.pdf (noting "extreme escalation of conflict" between plaintiff and defendant who hoped for reconciliation with plaintiff). There was nothing inappropriate in the court comparing the facts of either of those cases and the instant case.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice